UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 23-cv-62012-BLOOM
(Case No. 19-cr-60018-BLOOM)

DYNZA MACKEY,

       Petitioner,

v.

UNITED STATES OF AMERICA,

       Respondent.
_____/

## ORDER ON PETITION FOR WRIT OF ERROR *CORAM NOBIS*

**THIS CAUSE** is before the Court upon Petitioner Dynza Mackey's Petition for Writ of Error *Coram Nobis* ("Petition") filed under 28 U.S.C. § 1651, ECF No. [1].[1] Petitioner argues in the Petition that his sentence relating to his identity theft conviction was excessive due to the Court's erroneous determination of the victim's financial loss. *See generally id.* Respondent filed a Response opposing the Petition, ECF No. [5], to which Petitioner filed a Reply, ECF No. [6].[2] The Court has carefully considered the parties' written submissions, the record, and applicable law. For the following reasons, the Petition is dismissed without prejudice.

**I. BACKGROUND**

On April 16, 2019, Petitioner pleaded guilty to one count of aggravated identity theft in violation of 18 U.S.C. § 1028A(a)(1) and one count of unlawful transfer, possession, or use of a

---

[1] The Court cites filings in Petitioner's criminal case using "CR ECF No.[;]" filings in the civil case before the Court are cited using "ECF No."

[2] A duplicate of Petitioner's Reply was filed at ECF No. [7].

means of identification, in violation of 18 U.S.C. § 1028(a)(7). *See* CR ECF No. [21] at 1; CR ECF No. [45] at 2:17-20, 5:15-6:17; 7:4-22. For those crimes, the Court sentenced Petitioner to a 61-month term of imprisonment, followed by three years of supervised release.[3] *See* CR ECF No. [34] at 2-3; CR ECF No. [46] at 28:20-29:2, 30:1-5. The Federal Bureau of Prisons ("BOP") released Petitioner on June 27, 2023 and he is currently on supervised release. *See* BOP Inmate Locator, Register Number 19578-104, available at https://www.bop.gov/inmateloc/ (last accessed Dec. 22, 2023).

## II. LEGAL STANDARD

"Federal courts have authority to issue a writ of error *coram nobis* under the All Writs Act, 28 U.S.C. § 1651(a)." *United States v. Mills*, 221 F.3d 1201, 1203 (11th Cir. 2000). "A writ of error *coram nobis* is a remedy available to vacate a conviction when the petitioner has served his sentence and is no longer in custody, as is required for post-conviction relief under 28 U.S.C. § 2255." *United States v. Peter*, 310 F.3d 709, 712 (11th Cir. 2002). A person is considered "in custody" when they are serving a sentence of imprisonment or a term of supervised release. *See Jones v. Cunningham*, 371 U.S. 236, 242 (1963) (holding that a paroled prisoner is in custody when the terms of his release impose "significant restraints on petitioner's liberty because of his conviction and sentence, which are in addition to those imposed by the State upon the public generally").

## III. DISCUSSION

Petitioner is ineligible for *coram nobis* relief. As indicated by BOP records, Petitioner was released on June 27, 2023, and is currently serving his three-year term of supervised release. *See*

---

[3] The Court also ordered Petitioner to pay $2,373.59 in restitution; however, that aspect of Petitioner's sentence has no bearing on the resolution of the Petition. *See* CR ECF No. [34] at 5; CR ECF No. [46] at 29:3-4.

BOP Inmate Locator, Register Number 19578-104; *see also* CR ECF No. [34] at 3 ("Upon release from imprisonment, the Defendant shall be on supervised release for a term of 3 years."); CR ECF No. [46] at 30:1-5 (same). The Eleventh Circuit has clearly held that a "person serving a term of supervised release" is considered "in custody." *See United States v. Brown*, 117 F.3d 471, 475 (11th Cir. 1997) (citing *Jones*, 371 U.S. at 240-43). Therefore, "[b]ecause [Petitioner] was in custody within the meaning of § 2255 when he filed [the instant Petition] . . . , *coram nobis* relief [is] unavailable to him, and § 2255 [is] his exclusive remedy." [4] *Brown*, 117 F.3d 471, 475 (11th Cir. 1997); *see also United States v. Dean*, 749 F. App'x 873, 874 (11th Cir. 2018) (per curiam) (holding that the petitioner was ineligible for *coram nobis* relief "as a matter of law" because he "was still serving his term of supervised release when he filed his *coram nobis* petition"); *United States v. Gregory*, 2021 WL 5321809, at *1 (11th Cir. Nov. 16, 2021) (finding the petitioner "ineligible for [*coram nobis*] relief . . . because [the petitioner was] serving his term of supervised release."); *Petersen v. United States*, No. 13-cr-00117, 2020 WL 6811115, at *1 n. 2 (S.D. Ala. Aug. 7, 2020) (finding that the petitioner's status as a prisoner on supervised release rendered him ineligible for *coram nobis* relief), *report and recommendation adopted*, No. 13-cr-0117, 2020 WL 5816915 (S.D. Ala. Sept. 30, 2020), *aff'd*, 859 F. App'x 370 (11th Cir. 2021).

---

[4] Petitioner also styles the instant the Petition as a "[l]etter [p]ursuant [t]o [r]eleif [u]nder . . . 28 U[.]S[.]C[.] §[] 2241[.]" ECF No. [1] at 1. However, § 2241 petitions "are generally reserved for challenges to the execution of a sentence or the nature of confinement, not the validity of the sentence itself or the fact of confinement[;]" and Petitioner, here, seeks only to attack the validity of his sentence. *See Vieux v. Warden*, 616 F. App'x 891, 896 (11th Cir. 2015) (internal punctuation and citation omitted). Moreover, to the extent Petitioner intends to file a habeas petition under 28 U.S.C. § 2241 via the "saving clause" in 28 U.S.C. § 2255(e), the Eleventh Circuit made clear in *McCarthan v. Dir. of Goodwill Indus.-Suncoast, Inc.*, 851 F.3d 1076 (11th Cir. 2017) (en banc), a prisoner seeking to challenge his sentence must proceed under the remedy afforded in 28 U.S.C. § 2255, which provides the exclusive mechanism for a federal prisoner to collaterally attack the legality of his sentence. *Id.* at 1081. And in any event, Petitioner's decision to label in part the Petition as one arising under § 2241 appears to have been a shot in the dark, as he does not mention 28 U.S.C. § 2241 in his Reply and argues as if he intended solely to file a petition for writ of error *coram nobis* under 28 U.S.C. § 1651. *See generally* ECF No. [6].

To the extent it could be argued that the instant Petition should be construed as a motion under 28 U.S.C. § 2255, that argument would fail. The Eleventh Circuit has stated that a court cannot "construe an application for *coram nobis* relief as a § 2255 motion when the [petitioner] has already filed one § 2255 motion and has not sought leave to file a successive motion." *United States v. Chaff*, 269 F. App'x 878, 879 (11th Cir. 2008) (citing *United States v. Garcia*, 181 F.3d 1274, 1275 (11th Cir. 1999)). Here, Petitioner has already filed a motion to vacate under § 2255—which the Court denied on the merits—and has not sought the Eleventh Circuit's permission to file a successive § 2255 motion. *See* CR ECF No. [38]; CR ECF No. [49]. And even if the Court could construe the instant Petition as a § 2255 motion, it would lack jurisdiction to consider it as it would be unauthorized and successive. *In re Blackshire*, 98 F.3d 1293, 1293 (11th Cir. 1996) (per curiam) ("[F]ederal prisoners who want to file a second or successive motion to vacate, set aside, or correct a sentence must move the court of appeals for an order authorizing the district court to consider the second or successive motion." (citing 28 U.S.C. § 2244(b)(3)(A))); *Farris v. United States*, 333 F.3d 1211, 1216 (11th Cir. 2003) ("Without authorization, the district court lacks jurisdiction to consider a second or successive [motion to vacate]." (citing *Hill v. Hopper*, 112 F.3d 1088, 1089 (11th Cir. 1997))).

## IV. CERTIFICATE OF APPEALABILITY

No ruling regarding the issuance of a certificate of appealability is necessary. A certificate of appealability is required for an appeal from "[] the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or [] the final order in a proceeding under section 2255." 28 U.S.C. § 2253(c)(1). Neither circumstance applies here.[5]

---

[5] Again, the Court expressly declines to reconstrue the instant Petition as a § 2255 motion to vacate. Nevertheless, even if the Court could reconstrue the Petition as § 2255 motion, the Court could not issue a certificate of appealability because—as previously explained—it would have dismissed the motion for lack of subject-matter jurisdiction. *See Williams v. Chatman*, 510 F.3d 1290, 1295 (11th Cir. 2007); *see also*

Case No. 23-cv-62012-BLOOM

## V. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that Petitioner Dynza Mackey's Petition for a Writ of Error *Coram Nobis*, **ECF No. [1]**, is **DISMISSED** without prejudice. The Clerk is directed to **CLOSE** this case.

**DONE AND ORDERED** in Chambers at Miami, Florida, on December 27, 2023.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record

Dynza Mackey, *PRO SE*
A027 723 646
Moshannon Valley
Correctional Institution
Inmate Mail/Parcels
555 Geo Drive
Philipsburg, Pennsylvania 16866

---

*Hubbard v. Campbell*, 379 F.3d 1245, 1247 (11th Cir. 2004) ("[A] certificate is unnecessary to permit us to review the district court's order of dismissal [for lack of jurisdiction].").